***********
The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before the Deputy Commissioner and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order except for minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the Deputy Commissioner hearing as:
 STIPULATIONS
1. All the parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Tort Claims Act.
2. Plaintiff was incarcerated at Caledonia Correctional Institution, North Carolina Department of Correction, at the time of the alleged incident in this action.
3. The named allegedly negligent state employees were Officers Edwards, Clanton and Pittman who were employees of defendant working at Caledonia Correctional Institution and acting within the scope of their employment at all times relevant to this action.
4. On November 16, 1998, shortly after noon, Officers Clanton and Pittman escorted plaintiff from the medical area back to his cell. Officer Edwards operated the control booth.
5. Plaintiff became pinned in a sliding gate door while enroute back to his cell.
6. The issues to be determined by the Commission are whether defendant's employees were negligent; if so, whether defendant's negligence was the cause of any damages suffered by plaintiff; whether plaintiff was contributorily negligent; and what amount, if any, damages should plaintiff recover from defendant.
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On November 16, 1998, plaintiff was an inmate in the custody of defendant in maximum security status. On that date, Correctional Officers Clanton and Pittman were escorting plaintiff back to his cell after a medical appointment. Officer Edwards was operating the gate control booth.
2. Plaintiff and Officers Clanton and Pittman entered the area that controlled entry to the block where plaintiff's cell was located. The sliding gate into the area was open. As plaintiff approached the gate area, Officer Edwards saw another inmate leaving an area adjacent to the doorway. Because plaintiff and the other inmate were not allowed to come into contact with each other, Officer Edwards began to close the sliding door.
3. Plaintiff entered the doorway even though he could clearly see that it had started closing. As a result, plaintiff was pinned momentarily in the gate. After being released, plaintiff indicated that he was not injured. The following day plaintiff complained of back pain and was provided medical treatment at defendant's expense. Plaintiff indicated to the medical staff that his back pain began two months ago due to a motor vehicle incident in which a deer collided with the van in which he was riding.
4. Plaintiff alleged in his affidavit that Officers Pittman and Clanton were negligent in that they failed to warn him about the operation of the sliding doors he was passing through and that Officer Edwards was negligent in closing the door while plaintiff was entering. The evidence showed that as an inmate, plaintiff routinely passed through mechanized sliding doors on a daily basis. On November 16, 1998 plaintiff saw that the door was slowly closing and tried to get between the front stairwell bar door as it was closing. The door caught him on the side, not on his back or chest as plaintiff testified, and pinned him for two to three seconds. Officer Edwards followed proper procedure to close the door to protect inmates from contact with each other. Plaintiff entered the door as it was closing and failed to extricate himself from the closing door.
5. The greater weight of the medical evidence of record fails to show that plaintiff sustained any injuries as the result of being caught in the door.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. There was no negligence on the part of any named employee of defendant while acting within the scope of his employment which proximately caused any injury to plaintiff. N.C. Gen. Stat. § 143-201et seq.
2. Therefore, under the law plaintiff is entitled no damages. Id.
 ***********
Based on the above findings of fact and conclusions of law, the Full Commission affirms the Order of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is, hereby DENIED.
2. Each side shall bear its own costs.
This the ___ day of September, 2003.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER